# In the United States Court of Federal Claims

No. 15-388C
Filed: December 2, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | * |
| **MESSIAH AZIZ EL, EX REL. KAMAL-JALAL: JAMES,** | * * * |
| Plaintiff, | * |
| v. | * **Pro Se Plaintiff; In Forma Pauperis;** * **Lack of Subject Matter Jurisdiction.** |
| **UNITED STATES,** | * * |
| Defendant. | * * |
| * * * * * * * * * * * * * * * * * * | * |

**Messiah Aziz El, Ex Rel. Kamal-Jalal: James**, pro se, Freehold, NJ.

**Albert S. Iarossi**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C.

**O R D E R**

**HORN, J.**

**FINDINGS OF FACT**

Pro se plaintiff Messiah Aziz El, "Ex. Rel Kamal-Jalal: James"[1] filed a complaint[2] in the United States Court of Federal Claims alleging "deprivation of Petitioner's

---

[1] The caption for the complaint filed in this court on April 17, 2015 lists "Messiah Aziz El, Ex. Rel. Kamal-Jalal: James" as the plaintiff. In the first line of the complaint, however, "Crystal Gabri El, Ex. Rel Crystal-Gabrielle: Hawkins," is also indicated as a plaintiff. The only signature on the complaint was Messiah Aziz El. Rule 11(a) of the Rules of the United States Court of Federal Claims (RCFC) (2015) requires every pleading be signed by a party personally if the party is unrepresented. Given that neither "Kamal James" nor "Crystal Gabri El," if they are two additional individuals, signed the complaint, this court does not consider either as a plaintiff in the above captioned case because they did not comply with RCFC 11(a). Accordingly, Mr. El is considered the only plaintiff in this action. In its submissions to the court, defendant refers to plaintiff as "Kamal James," which may be his legal name.

[2] Plaintiff has filed at least two other complaints in federal court. In March 2013, Mr. El filed a complaint in the United States District Court for the District of New Jersey, which

Constitutional and Internationally secured rights without due process of law" by "the United States through action by the UNITED STATES DISTRICT COURT under U.S.C. 18(United States Code), prohibiting, life, liberty and property of the Petitioner."[3]

In his complaint, plaintiff alleges that he "is a natural person, in propria persona sui juris, under the laws of the indigenous community Washitaw Dedugdahmoundya Nation State and under the laws of the United States of America Republic," and thus he is "entitled to all protections enumerated within the United States Constitution. Specifically the Fifth Amendment right of due process, to be heard before a court of competent jurisdiction. . . ." As relief, plaintiff seeks "an award of due process under the Fifth Amendment to the Constitution of the United States for the rights reserved by the Petitioner" and "an award of monetary damages under the Fifth Amendment of the Constitution of the United States."

Defendant asserts that, in February 2015, plaintiff was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 286 (2012), multiple counts of submitting false, fictitious, and fraudulent claims to the United States, and three counts of mail fraud in violation of 18 U.S.C. § 1341 (2012) in the United States District Court for the District of New Jersey. Plaintiff does not contest these assertions. The allegations contained in the complaint currently before this court appear to arise from the criminal proceedings involving plaintiff's arrest and eventual conviction. Plaintiff is currently incarcerated in the Monmouth County Correctional Institution in Freehold, New Jersey.

Plaintiff's confused and disorganized complaint alleges that the United States violated his Fifth Amendment right to due process by improperly exercising personal and subject matter jurisdiction over him. Plaintiff argues that the United States District Court of the District of New Jersey did not have jurisdiction for several reasons, including that the judges were "defacto" judges "operating under color of law," the United States Supreme Court is the only court with original jurisdiction when the United States is a party, and, "[n]o injured party has been produced and therefore no lawful claim under common-law exists." Plaintiff further argues that his due process rights were violated when he was arrested by agents "acting on a warrant issued by an un-constitutional **Judge Defacto**. . ."[4] Plaintiff argues that the "UNITED STATES DISTRICT COURT has entered

---

was dismissed for failure to state a claim upon which relief may be granted. See El v. New Jersey, 2:13-cv-01431 (D.N.J. 2013). Shortly thereafter, Mr. El filed another complaint in the same court, which also was dismissed for failure to state a claim upon which relief may be granted. See El v. New Jersey, 2:13-cv-03481 (D.N.J. 2013).

[3] Capitalization, grammar, punctuation, emphasis, and other errors are quoted in this Order as they appear in plaintiff's submissions.

[4] To the extent that plaintiff is asserting a claim for false arrest, such a claim alleges a tort, and this court lacks jurisdiction over such claims. See Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Gadd v. United States, 232 F.3d 915 (Fed. Cir. 2000); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) reh'g denied (Fed. Cir. 1997). The Tucker

sham pleas of not guilty on behalf of the Petitioner without authorization, trial has commenced and Petitioner has been found guilty through colorable proceedings." Plaintiff contends that he,

> objected to the Personal and Subject Matter jurisdiction of the UNITED STATES DISTRICT COURT on several occasions throughout these colorable proceedings and all constitutional claims, statements and arguments have been ignored or denied by (defacto) Judges. . .

Plaintiff contends that "[t]he UNITED STATES DISTRICT COURT officers, have all intentions on proceeding under color law and disregarding their obligations to the United States Constitution of the Republic and the Petitioner's rights that are secured therein." Plaintiff also alleges that "Defendant has failed to provide the requested oaths of office" that plaintiff requested defendant produce.

As relief, plaintiff seeks a judgment from this court:

1. Declaring that the actions of the Defendant in exercising authority under 28 U.S.C. 3231 to prohibit all beneficial uses of the "personal rights" constitute a taking of private property for public use in violation of Petitioner's rights under the Fifth Amendment to the United States Constitution of the Republic.

2. Declaring that the foregoing actions of Defendant under 28 U.S.C. 3231 constitute a deprivation of Petitioner's property without due process of law in violation of Petitioner's rights under the Fifth Amendment to the United States Constitution;

3. awarding Petitioner the amount of $250,000 (silver specie or currency of the UNITED STATES), representing just compensation for these actions of Defendant, as well as reasonable attorney fees, expenses, and all cost of these proceedings. . .

Defendant filed a motion to dismiss for lack of subject matter jurisdiction on June 26, 2015, to which Plaintiff responded, followed by Defendant filing a reply in support of its motion and a further response by plaintiff.

**DISCUSSION**

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551

---

Act specifically excludes actions sounding in tort from this court's jurisdiction. See 28 U.S.C. § 1491(a)(1) (2012).

U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a

court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1346 ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006); see also Avid Identification Sys., Inc. v. Crystal Import Corp., 603 F.3d 967, 971 (Fed. Cir.) ("This court must always determine for itself whether it has jurisdiction to hear the case before it, even when the parties do not raise or contest the issue."), reh'g and reh'g en banc denied, 614 F.3d 1330 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 909 (2011).

Pursuant to RCFC 8(a)(1) and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2015); Fed. R. Civ. P. 8(a)(1), (2) (2015); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

5

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to

6

> be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation- does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

In his complaint, plaintiff asserted violations of his constitutional right to due process under the Fifth Amendment to the United States Constitution. Plaintiff alleges that this court has jurisdiction to hear his claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a). Defendant argues, however, that "the Tucker Act does not, by itself, create a right to money damages against the United States," and that "the substantive right to money damages must extend from the constitutional provision, statute, contract, or regulation giving rise to the claim." Defendant contends that plaintiff "has failed to plead a substantive source of law that creates a right to recover money damages from the Government," because it is well established that the Due Process clause of the Fifth Amendment does not mandate the payment of money, and, thus, does not provide a cause of action under the Tucker Act.

7

Regarding plaintiff's claim for due process under the Fifth Amendment, the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments. See Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))), cert. denied, 134 S. Ct. 259 (2013); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006) cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (citing LeBlanc v. United States, 50 F.3d at 1028) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007) ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."). Due process claims "must be heard in District Court." Kam–Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012); see also Hampel v. United States, 97 Fed. Cl. at 238. Therefore, to the extent that plaintiff is attempting to allege Due Process violations, no such cause of action can be brought in this court.

In addition to monetary damages, plaintiff asks this court to declare that,

> [T]he actions of the Defendant in exercising authority under 28 U.S.C. 3231 to prohibit all beneficial uses of the "personal rights" constitute a taking of private property for public use in violation of Petitioner's rights under the Fifth Amendment to the United States Constitution of the Republic. . . [and] that the foregoing actions of Defendant under 28 U.S.C. 3231 constitute a deprivation of Petitioner's property without due process of law in violation of Petitioner's rights under the Fifth Amendment to the United States Constitution. . .

Plaintiff's allegations in no way can be considered a taking in violation of the Fifth Amendment to the United States Constitution.  The Takings Clause of the Fifth Amendment to the United States Constitution provides in pertinent part: "nor shall private property be taken for public use without just compensation."  U.S. Const. amend. V.  The purpose of this Fifth Amendment provision is to prevent the government from "'forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'"  Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001) (quoting Armstrong v. United States, 364 U.S. 40, 49 (1960)); see also Penn Central Transp. Co. v. City of New York, 438 U.S. 104, 123-24, reh'g denied, 439 U.S. 883 (1978); Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536 (2005); E. Enters. v. Apfel, 524 U.S. 498, 522 (1998); Rose Acre Farm, Inc. v. United States, 559 F.3d 1260, 1266 (Fed. Cir.), reh'g en banc denied (Fed. Cir. 2009), cert. denied, 130 S. Ct. 1501 (2010); Janowsky v. United States, 133 F.3d 888, 892 (Fed. Cir. 1998); Resource Invs., Inc. v. United States, 85 Fed. Cl. 447, 469-70 (2009); Pumpelly v. Green Bay & Miss. Canal Co., 80 U.S. (13 Wall.) 166, 179 (1871) (citing to principles which establish that "private property may be taken for public uses when public necessity or utility requires" and that there is a "clear principle of natural equity that the individual whose property is thus sacrificed must be indemnified.").

A plaintiff must show that the government took a private property interest for public use without just compensation.  See Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004), cert. denied, 546 U.S. 811 (2005); Arbelaez v. United States, 94 Fed. Cl. 753, 762 (2010); Gahagan v. United States, 72 Fed. Cl. 157, 162 (2006).  "The issue of whether a taking has occurred is a question of law based on factual underpinnings."  Huntleigh USA Corp v. United States, 525 F.3d 1370, 1377-78 (Fed. Cir.), cert. denied, 555 U.S. 1045 (2008) (citations omitted).  The Federal Circuit has established a two-part test to determine whether governmental actions amount to taking of private property under the Fifth Amendment.  See Klamath Irr. Dist. v. United States, 635 F.3d 505, 511 (Fed. Cir. 2011); Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir.) (citing M & J Coal Co. v. United States, 47 F.3d 1148, 1153-54 (Fed. Cir. 1995)), reh'g en banc denied, (2004).  A court first determines whether a plaintiff possesses a cognizable property interest in the subject of the alleged taking.  Then, the court must determine whether the government action is a "'compensable taking of that property interest.'"  Huntleigh USA Corp v. United States, 525 F.3d at 1377 (quoting Am. Pelagic Fishing Co., L.P. v. United States, 379 F.3d at 1372).

A plaintiff alleging a taking must have a legally cognizable property interest, such as the right of possession, use or disposal of the property.  See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435 (1982) (citing United States v. Gen. Motors Corp., 323 U.S. 373 (1945)); CRV Enters., Inc. v. United States, 626 F.3d 1241, 1249 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 2459 (2011); Karuk Tribe of Cal. v. Ammon, 209 F.3d 1366, 1374-75 (Fed. Cir.), reh'g denied and en banc suggestion denied (Fed. Cir. 2000), cert. denied, 532 U.S. 941 (2001).  "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation."  Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1372 (quoting Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001), cert. denied, 353 U.S. 1077 (2002) and citing Cavin v. United States, 956 F.2d 1131, 1134 (Fed. Cir. 1992)).  Therefore, "[i]f the claimant fails to

9

demonstrate the existence of a legally cognizable property interest, the courts [sic] task is at an end." Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1372 (citing Maritrans Inc. v. United States, 342 F.3d 1344, 1352 (Fed. Cir. 2003) and M & J Coal, 47 F.3d at 1154). The court does not address the second step "without first identifying a cognizable property interest." Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir.) (citing Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1381 and Conti v. United States, 291 F.3d 1334, 1340 (Fed. Cir. 2002), cert. denied, 537 U.S. 1112 (2003)), reh'g denied and reh'g en banc denied (Fed. Cir. 2005). Only if there is to be a next step, "after having identified a valid property interest, the court must determine whether the governmental action at issue amounted to a compensable taking of that property interest." Huntleigh USA Corp. v. United States, 525 F.3d at 1378 (quoting Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1372). To the extent plaintiff alleges that a violation of due process is a taking, plaintiff has not alleged a property interest subject to a constitutional taking claim nor has plaintiff alleged any cognizable taking.

Moreover, the Federal Circuit has explained that the Court of Federal Claims "does not have general equity jurisdiction to grant injunctive relief." Shemonsky v. United States, 215 F.3d 1340 (Fed. Cir. 1999) (upholding decision of the Court of Federal Claims that the court's jurisdiction did not extend to injunctive or declaratory relief); see also Bank of Guam v. United States, 578 F.3d 1318, 1331 (Fed. Cir.) reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 561 U.S. 1006 (2010); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Choate v. United States, 60 F.3d 840 (Fed. Cir. 1995) (holding that "[t]he Tucker Act does not provide a means by which the Court of Federal Claims may grant injunctive or declaratory relief where the suit does not involve a pre-award protest or the application of section 7428 of the Internal Revenue Code"). As stated by the Federal Circuit:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716–17 (Fed. Cir.1998); see also United States v. Tohono O'Odham Nation, 563 U.S. 307 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."). Moreover, in an action brought under 28 U.S.C. § 1491(a), this court can only provide declaratory or injunctive relief "as an incident of and collateral to" a judgment for money damages. 28 U.S.C. § 1492(a)(2); see also Taylor v. United States, 113 Fed. Cl. 171, 173 (2013) (holding that the Tucker Act does not provide independent jurisdiction over claims for injunctive relief in contractual dispute cases). For example, in a case brought under the Tucker Act that did not involve a pre-award protest, once the Court of Federal Claims determined that it did not have jurisdiction to hear a plaintiff's claims for money damages, it necessarily followed that the court did not have authority to hear that plaintiff's claims for injunctive relief. See Kanemoto v. Reno, 41

F.3d 641, 645 (Fed. Cir. 1994); see also Taylor v. United States, 113 Fed. Cl. at 173. Accordingly, plaintiff's demands for declaratory relief are dismissed for lack of jurisdiction.

Plaintiff also contends in his complaint that the New Jersey District Court did not have subject matter or personal jurisdiction over him. To the extent that plaintiff is alleging that the New Jersey District Court erred in exercising jurisdiction in the criminal action brought against him, such allegations also do not establish jurisdiction in this court. The Court of Federal Claims does not have authority to review decisions issued by judges of the United States District Courts. See Vereda, LTDA. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006); McCullough v. United States, 76 Fed. Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Therefore, this court lacks jurisdiction over any of plaintiff's claims.

When filing his complaint, plaintiff also filed a motion to proceed in forma pauperis. According to his complaint, plaintiff is an inmate at the Monmouth County Correctional Institution in Freehold, New Jersey. In order to provide access to this court to those who cannot pay the filing fees mandated in this court by RCFC 77.1(c) (2015), the statute at 28 U.S.C. § 1915 (2012) permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 217–18 (1993); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011).

When the person submitting a request to proceed in forma pauperis is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

> [T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); see also Matthews v. United States, 72 Fed. Cl. at 277. In the affidavit required under 28 U.S.C. § 1915(a)(1), a prisoner must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

11

28 U.S.C. § 1915(a)(1). In the above-captioned case, plaintiff submitted the required information and certification with his request to proceed in forma pauperis. Although Mr. El's income level may qualify him for in forma pauperis status, as discussed above, his complaint is being dismissed for lack of jurisdiction.

## CONCLUSION

For all the reasons discussed above, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.


**IT IS SO ORDERED.**

                                                                         **MARIAN BLANK HORN**
                                                                                 **Judge**